## In re NATIONAL PUBLIC SERVICE CORPORATION.

District Court, S. D. New York.

Nov. 13, 1936.

Milbank, Tweed, Hope & Webb, of New York City, for answering creditor, Public Service Corporation of New Jersey.

Garrett A. Brownback, of New York City, for petitioning creditors.

John W. Montgomery, of New York City, for debtor.

Wing, Lakin & Whedon, of New York City, for answering creditors, Burton A. Howe et al.

Albert Hubschman and Harold Stern, both of New York City, for answering creditors, Walter G. deBerg et al.

Sage, Gray, Todd & Sims, of New York City, for New York Trust Co., as trustee, petitioner.

294

MANDELBAUM, District Judge.

A petition has been filed for the reorganization of the National Public Service Corporation, pursuant to section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

Answers have been filed by objecting creditors and other intervening parties, contending first and foremost that the court should not entertain jurisdiction of these proceedings. The reasons advanced must be considered in the light of what has transpired heretofore.

The National Public Service Corporation was adjudicated a bankrupt in 1932 and the Irving Trust Company was designated as trustee in bankruptcy. The subject-matter of the present attempted reorganization is certain collateral that has been pledged with the New York Trust Company under an indenture securing the debenture-holders of the National Public Service Corporation.

In 1935 this collateral was appraised by appraisers appointed by the Honorable Irwin Kurtz, referee in bankruptcy, at which time the value of this collateral was fixed ($6,767,904.50), and the deficiency on the debentures was determined.

By order of the referee dated December 19, 1935, pursuant to section 57h of the Bankruptcy Act (11 U.S.C.A. § 93(h), the trustee in bankruptcy was authorized and directed to abandon all title and claim to this collateral. Upon the meaning and legal effect of this order depends whether or not this court will entertain the petition.

It is significant to note that all interested parties received notice of proceedings under section 57h and that the order of December 19, 1935, was signed without any opposition. No appeal has since been taken, nor has any attempt been made to vacate or modify this order up to the present time.

The court is, therefore, bound to regard it as a valid and subsisting order of this court and will not consider any collateral attack upon same.

The wording of the order is in simple language and not in the least ambiguous. The controlling features read as follows: " * * * And find that since the value of said collateral is far less than the amount of obligations and claims secured thereby, the interest of the Bankrupt and its Trustee in said collateral is terminated and that all claim and title in or with respect thereto by the Bankrupt and its Trustee should be abandoned; therefore

"Ordered, that pursuant to the provisions of section 57h of the Bankruptcy Law, the aggregate of all claims, principal and interest, based upon 'National Public Service Corporation Secured Gold Debentures, 5% Series due 1978, filed and allowed herein and with respect to which dividends are paid, be credited with the payment of, and reduced by the amount of, $6,767,904.50, which credit and reduction shall be prorated upon and with respect to all such claims in accordance with the respective amounts thereof; and

"Ordered, that all claim and interest of the Bankrupt and its Trustee in and with respect to said collateral hereinabove mentioned be terminated and abandoned by the Bankrupt and its Trustee."

From a reading thereof, it appears that as a result of this order every legal right of this debtor in the Jersey Central stock was terminated and the sole property right in that stock, free of all claims of the debtor, was vested in the debenture-holders through their trustee and the claim of these debenture-holders against the estate of the debtor was reduced by the value placed on the Jersey Central stock and was irrevocably fixed at the reduced amount.

No fault can be found with the general proposition that "a point may be reached where property passes so definitively out of the ownership and control of an insolvent debtor as to be beyond the reach of the Bankruptcy Court in proceedings under section 77B."

At bar, the Jersey Central stock was the property of the debtor when it became a bankrupt in 1932. This property which stood as security for the debentures was subject to the jurisdiction of the bankruptcy court which has administered and distributed this property to the creditors, through their trustee.

The court is, therefore, inclined to the view that the order of December 19, 1935, has so completely divested the debtor-corporation of any proprietary interest in the collateral that there is nothing which can properly be the subject of reorganization.

In view of this finding, it is no longer necessary to pass upon any of the other issues raised.

The report of the special master recommending the dismissal of the petition is in all respects confirmed.